UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LEWIS CHAPPLE,<br><br>Defendant. | No. 1:08-cr-00146-DAD<br><br>ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 23) |

On September 13, 2019, defendant Charles Lewis Chapple filed a *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that he should be awarded good time credits pursuant to the First Step Act of 2018 for each year of imprisonment that he served. (Doc. No. 23.) The government did not file a response to the pending motion.[1]

A court may reduce the term of imprisonment for a defendant after its imposition if the United States Sentencing Commission has subsequently lowered the sentencing range for the crime for which defendant was convicted. 18 U.S.C. § 3582(c)(2); *see also United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). In the pending motion, however, defendant does not contend that, subsequent to his sentencing in this action, the U.S. Sentencing Commission lowered the advisory sentencing guideline range for the crime for which he was convicted. This

---

[1] The court apologizes to the parties for the delay in the issuance of this order.

1

is reason alone to deny his motion. *See United States v. Williams*, 727 F. App'x 341, 342 (9th Cir. 2018) (finding defendant "was not eligible for reconsideration of his sentence" pursuant to § 3582(c)(2) because the amendment relied upon by defendant did not lower the sentencing range for the crime for which he was convicted).[2]

Moreover, even if the court were to consider the merits of defendant's motion for relief—that he is entitled to an award of good time credits pursuant to the First Step Act—his motion has been rendered moot due to his release from prison. *See Chapple v. United States*, No. 19-cv-18213-AET, 2020 WL 614552, at *2 (D.N.J. Feb. 10, 2020) ("Petitioner's release from federal custody, however, renders moot his request for an award of good-time credits."); *Hamani v. Smalley*, No. 19-cv-07253-RBK, 2020 WL 2732073, at *1 (D.N.J. May 26, 2020) (same). As another district court noted earlier this year in considering an identical motion filed by defendant Chapple, "[i]t appears . . . that [defendant] has completed serving his terms[3] of imprisonment and is not presently confined in a federal correctional institution." *Chapple*, 2020 WL 614552, at *1. Specifically, the court in defendant's case in the District of New Jersey "t[ook] judicial notice that the Bureau of Prisons inmate locator states that [defendant] was released from custody on June 8, 2017." *Id.*

To the extent that defendant Chapple is currently on supervised release[4] and is seeking to in some way apply good time credits to his term of supervised release by way of the pending § 3582(c)(2) motion, that request must be denied as well. As an initial matter, defendant Chapple did not request any such relief in the pending motion. More importantly, such relief is not

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[3] As noted in this court's judgment and commitment order, defendant Chapple's sentence in this case was to be served consecutively to the sentences imposed on him by the United States District Courts for the Southern District of Texas and the United States District Courts for District of New Jersey. (*See* Doc. No. 21 at 2.)

[4] On January 15, 2020, this court issued an order transferring the jurisdiction of defendant Chapple to the United States District Court for the Central District of California with respect to supervision of his term of supervised release, which that court accepted on February 5, 2020. (Doc. No. 24.)

available to him as a matter of law.  As the Ninth Circuit has noted, "[b]y its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence." *United States v. Island*, 336 F. App'x 759, 760–61 (9th Cir. 2009)[5]; *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.  Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

Accordingly, defendant Chapple's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 23) is denied in its entirety.

IT IS SO ORDERED.

Dated:   **September 22, 2020**                     /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE

---

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).